UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE GARCIA,<br><br>             Plaintiff,<br><br>   v.<br><br>A. JOAQUIN, et al.,<br><br>             Defendants.<br>_____ / | CASE NO.   1:10-cv-00730-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL, WITHOUT PREJUDICE, OF PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS<br><br>(ECF Nos. 4 & 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.     **PROCEDURAL HISTORY**

Plaintiff Vincente Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action on April 27, 2010. (ECF No. 1.) He later filed an amended complaint on August 2, 2010. (ECF Nos. 13.) No other parties have appeared in this action. The Court has yet to screen Plaintiff's amended complaint.

Pending before the Court are Plaintiff's two motions filed April 27, 2010 and June 24, 2010; both request the same temporary restraining orders and preliminary injunctive

relief.[1]  (ECF Nos. 4 & 12.)

## II. ARGUMENT

In the Motions, Plaintiff complains:

He is not receiving adequate medical care for his diabetic condition. Despite exercise, diet and three shots of insulin and three blood sugar level checks daily, his diabetes is not effectively managed. Although doctors modify his dosages in response to his concerns, the mode of treatment remains unchanged.

Plaintiff has sent grievances, letters, and requests for an insulin pump. In response to one letter, Defendant Joaquin advised that the current treatment plan would be continued. Plaintiff disagreed, explained his suffering and again requested an insulin pump. Defendant explained that Plaintiff would not be given a pump because it would allow Plaintiff to eat when he wanted and because the needle necessary to the implant would pose a security risk. (ECF No. 4 p. 6; Pl.'s Mot. for TRO p. 6 ¶ 14.) Plaintiff suggested that such concerns could be overcome by putting him on single-cell status or moving him to the hospital. Defendant Joaquin again refused the pump. Plaintiff appealed. The appeal has been pending at the third level for a year.

Because of the inadequate medical care, Plaintiff suffers nerve damage, peripheral neuropathy, eye pain, dizziness/lightheadedness, and possible kidney failure. His "seriously low" blood sugar levels could cause brain damage, place him in a coma, or kill him.

////

---

[1] The "two" Motions are in fact one filed twice.

## III. LEGAL STANDARDS

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction. To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm

3

the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## IV.  ANALYSIS

Plaintiff claims that he meets all criteria necessary to be granted injunctive relief in that: 1) Defendants are acting with deliberate indifference to Plaintiff's diabetic needs; 2) money damages will not fix Plaintiff's complications or prevent irreparable harm; 3) without the Court's help, Plaintiff will suffer irreparable harm; and 4) Plaintiff is likely to succeed at trial.

The Court finds that, at this stage in the proceedings, Plaintiff fails to satisfy the legal prerequisites for injunctive relief.  To succeed on such a motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Plaintiff has not demonstrated that he will succeed on the merits of his case.  He states that he will, but does not provide any information in support of his conclusion. Indeed, from what has been presented the Court can only conclude that Plaintiff disagrees with the conservative course of treatment currently being followed and prefers a more radical approach.  However, there is no basis for the Court to conclude that the current treatment is inadequate, much less that it reflects a deliberate indifference to the severity of Plaintiff's condition.  Mere disagreement with the manner of treatment is insufficient to state a claim for an Eighth Amendment violation. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.") Thus, it can not be

4

said that Plaintiff appears likely to succeed on the merits.

Plaintiff does not address the public interest or balancing of equities criteria. While often the best practical medical care will benefit not only the Plaintiff but also the prison and, hence, the public, the Court can not make a determination on the facts before it as to what may be the best course. For the same reasons, the Court can not tell if Plaintiff is suffering irreparable harm as a result of Defendants' actions. The fact that the allegedly inadequate care has continued for at least a year apparently without causing the feared adverse consequences suggests no irreparable harm is occurring.

The various criteria not having been met, Plaintiff is not entitled to the requested relief.

## V.     CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunctions be **DENIED without prejudice** to Plaintiff's right to move again in the future if medical evidence which supports his claims is secured and produced with any such renewed motion.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st,

5

951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 17, 2011        /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE