# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE GARCIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. JOAQUIN, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-730-AWI-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 4, 12 & 28) |

　　　　Plaintiff Vincente Garcia, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 27, 2010 and June 24, 2010, Plaintiff filed motions for a Temporary Restraining Order. On February 18, 2011, the Magistrate Judge filed a Findings and Recommendation recommending that Plaintiff's motions for a Temporary Restraining Order be denied. (ECF No. 28.) Plaintiff filed lengthy objections to the Findings and Recommendation, with detailed information about the care he is receiving for his diabetes. On July 15, 2011, Plaintiff filed a Motion to Shorten Time for the court to rule on Plaintiff's motions for Temporary Restraining Order.

　　　　Plaintiff contends that he is likely to succeed on his claims and that his problem with the care he is being provided amounts to more than a mere disagreement and amounts to deliberate indifference. However, the additional documentation supplied by Plaintiff in support of his objections shows that he is receiving substantial medical care and institutional support for his diabetes management. It is apparent that the staff is struggling to effectively manage Plaintiff's diabetes; but such difficulty does not necessarily amount to deliberate indifference to the condition.

See Wilson v. Woodford, 2009 WL 839921, *13 (E.D. Cal. March 30, 2009) (disagreement with diabetes care is not deliberate indifference). Nor is it deliberate indifference because his treating physicians disagree about the appropriate course of treatment. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In order to succeed on his Eighth Amendment claim, Plaintiff must show that his treating physicians are choosing a course of treatment "in conscious disregard of an excessive risk to [his] health." Id. at 1058. At this stage in the litigation, the Court cannot find that Plaintiff is likely to succeed on this front. Even if the court were to accept as evidence that Plaintiff's condition is life threatening and not currently stabilized, Plaintiff is not entitled to a temporary restraining order. There remains no evidence that the treatment changes Plaintiff seeks would stabilize Plaintiff's condition.

The cases Plaintiff cites that granted relief to diabetic prisoners do not change the result. Gaddis v. Campbell, 301 F.Supp.2d 1310 (M.D.Ala. 2004) concerned whether a class action settlement agreement was fair, adequate, and reasonable. Id. at 1316. And, in Johnson v. Harris, 479 F.Supp. 333 (D.C.N.Y. 1979), the evidence was undisputed that the plaintiff needed to be given an appropriate diet to control his diabetics. Id. at 335. Accordingly, injunctive relief is not warranted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 305, this Court has conducted a de novo review of this case. In sum, having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed February 18, 2011, is adopted in full;
2. Plaintiff's Motions for Temporary Restraining Order are DENIED without prejudice; and
3. Plaintiff's Motion to Shorten Time is DENIED as moot.

IT IS SO ORDERED.

Dated: September 11, 2011

CHIEF UNITED STATES DISTRICT JUDGE